NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAYS INN WORLDWIDE, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**VR INKEEPERS, INC., RAJIV JOHAR, AND SATPAL JOHAR,**<br><br>Defendants. | Civ. No. 2:13-7458 (WJM)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendants VR Inkeepers, Inc., Rajiv Johar, and Satpal Johar and pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff commenced this action on December 12, 2013. ECF No. 1. Plaintiff served the Summons and Complaint on Defendants VR Inkeepers and Satpal Johar on December 27, 2013 and on Defendant Rajiv Johar on December 30, 2013. ECF No. 5. The time for Defendants to answer or otherwise respond to the Complaint expired. *See* Fed. R. Civ. P. 12(a). To date, Defendants have failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a default against Defendants on March 21, 2014. ECF No. 7. Plaintiff filed the instant motion for default judgment on July 11, 2014, and served Defendants with notice of the motion on July 11, 2014. ECF No. 10. No opposition has been filed.

1

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. First, the Court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiff provided ample evidence that Defendants entered into and then breached a license agreement with Plaintiff. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011). Liability is in the total sum of $334,872.94. Affidavit of Susan Fennimore, ECF No. 10-3. Second, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, where, as here, Defendants have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has

submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

 For the foregoing reasons and for good cause shown;

 **IT IS** on this 25th day of August 2014, hereby,

 **ORDERED** that Plaintiff's motion for the entry of default judgment is hereby granted, and it is further

 **ORDERED** that the clerk shall enter judgment against Defendants in the sum of $334,872.94.

            **/s/ William J. Martini**
            _____
            **WILLIAM J. MARTINI, U.S.D.J.**